IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ROBERT M. TURKEWITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:17-cv-2603-DCN |
| vs. | ) |
| | ) **ORDER** |
| PHILIPS ORAL HEALTHCARE, INC., | ) |
| PHILIPS ORAL HEALTHCARE LLC, and | ) |
| PHILIPS NORTH AMERICA LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

The following matter is before the court on defendants Philips Oral Healthcare, Inc., Philips Oral Healthcare LLC, and Philips North America LLC's (collectively, "Philips") motion for summary judgment, ECF No. 82. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

Turkewitz alleges that using Philips's Sonicare PowerUp electric toothbrush ("Toothbrush") caused a crack in one of his teeth which eventually resulted substantial pain and dental work. Turkewitz purchased the Toothbrush on September 27, 2014 and used it soon after. ECF No. 82-2, Turkewitz Depo. 25:8–19, 44:10–16. When Turkewitz first used the Toothbrush, he noted its strength and quickly stopped using it due to the discomfort. ECF No. 82-3.

For months after his use of the Toothbrush, Turkewitz allegedly experienced pain on the left side of his face and jaw. Turkewitz reported this pain to his dentist, Dr. Michael J. Engel, during a May 2015 visit to have his teeth cleaned. Turkewitz Depo. 97:3–10. The dentist gave him "some kind of fluoride, menthol type of thing" to help

1

with the pain, which helped at first, but eventually it stopped working. Turkewitz Depo. 97:17–98:10. On July 17, 2015, Turkewitz made an emergency visit to Dr. Engel, who diagnosed Turkewitz with a crack in Tooth 14[1] and periapical periodontitis, i.e., an infection. Turkewitz Depo. 133:11–13; Am. Compl. ¶ 19.[2] Dr. Engel referred Turkewitz to Dr. Jeffrey C. Kotz, an endodontist, whom Turkewitz also visited on July 17, 2015. ECF No. 82-5, Kotz Depo. 20–23. Dr. Kotz diagnosed Turkewitz's Tooth 14 with irreversible pulpitis with symptomatic periradicular periodontitis and performed a root canal. Kotz Depo. 7:4–9. Over two years later, on November 7, 2017, Turkewitz returned to Dr. Kotz complaining about Tooth 14. Kotz Depo. 20:22–21:2. Dr. Kotz diagnosed Turkewitz with a tooth fracture and an acute apical abscess, which occurs when bacteria colonizes at the tip of the tooth's root and causes an infection. Kotz. Depo. 22:7–13. Dr. Kotz recommended that the tooth be extracted and referred Turkewitz to Dr. Lonnie Doles. Kotz Depo. 14–21, 31:10–13. On the same day, Turkewitz visited Dr. Doles, who extracted the tooth and later performed an implant procedure. ECF No. 82-6, Doles Depo. 21:9–11, 39:2–8.

Turkewitz has a history of dental issues. Prior to his use of the Toothbrush, Turkewitz had several fillings, crowns, and root canals. See, e.g., Turkewitz Depo. 74:4–24, 75:16–19, 76:13–77:3; 77:4–17, 77:18–78:22. Turkewitz also had prior work done

---

[1] Dentists identify teeth by numbers, staring with #1 in the top right corner of the mouth.

[2] Despite the fact that this is a motion for summary judgment, Philips frequently cites to allegations in the amended complaint in its fact section. The court assumes that this means Philips does not dispute these factual allegations.

In addition, while the amended complaint identifies the date of this visit as July 28, 2015, Turkewitz clarified in his deposition that the visit occurred on July 17, 2015. Turkewitz Depo. 133:11–13.

2

on Tooth 14. In September 2008, Dr. Engel noted that Tooth 14 may require a crown in the future. Engel Depo. 50:16–52:19.[3] On March 2, 2011, Dr. Engel noticed that Turkewitz had a fracture in Tooth 14 and inserted a filling. Engel Depo. 72:2–23. Then on January 15, 2014, Turkewitz visited Dr. Engel with another fracture on Tooth 14, which required a second filling. Engel Depo. 78:12–79:5.

Turkewitz filed his complaint on September 26, 2017 and subsequently amended his complaint on November 5, 2018, ECF No. 24. The amended complaint includes causes of action for strict liability, negligence/gross negligence, breach of express and/or implied warranties, fraudulent concealment, and violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"). Philips filed its motion for summary judgment on December 5, 2019, ECF No. 82, and Turkewitz responded on January 15, 2020, ECF No. 92. Philips did not file a reply and the time to do so has passed; therefore, the motion is ripe for review.

## II. STANDARD

Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly

---

[3] Philips states that the first instance of an issue with Tooth 14 occurred in September 2008. However, in the deposition transcript, the tooth related to that September 2008 visit is first identified as Tooth 4 and then there is mention of Tooth 14, making it unclear whether the issue was with Tooth 4 or Tooth 14. Engel Depo. 50:16–52:19. However, Engel subsequently clarifies that he was referring to Tooth 14. Engel Depo. 72:10–19.

supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

### III. DISCUSSION

Philips argues that summary judgment is warranted on all of Turkewitz's claims because there is no evidence connecting the Toothbrush to any of Turkewitz's alleged injuries or damages. In other words, Philips argues that there is no evidence of causation. Philips explains that expert testimony is required to show that the Toothbrush is the proximate cause of Turkewitz's injuries, and that no expert in this case has provided that testimony. Turkewitz responds by citing to two expert affidavits containing the opinion that the Toothbrush caused Turkewitz's injuries to Tooth 14.

All five of Turkewitz's causes of actions include causation as an element. However, Philips's specific causation argument only relates to Turkewitz's products liability, negligence, and fraudulent concealment causes of action because the damage claimed for those causes of action involve Turkewitz's injuries to his tooth. See Am. Compl. ¶¶ 30, 38, 50, 59. In order to succeed on these claims, as pleaded in the amended

4

complaint, Turkewitz must show that the Toothbrush proximately caused the injuries to his tooth. Strict liability and breach of warranty, both of which are based in products liability, require a showing of proximate cause of the alleged injury. See Livingston v. Noland Corp., 362 S.E.2d 16, 18 (S.C. 1987) (explaining that a common element of strict liability and breach of implied warranty is that the product defect "was the direct and efficient cause of plaintiff's injury"). Similarly, "[n]egligence is not actionable unless it is a proximate cause of the injury complained of, and negligence may be deemed a proximate cause only when without such negligence the injury would not have occurred or could have been avoided." Ellis v. Oliver, 473 S.E.2d 793, 795 (S.C. 1996). In a fraudulent concealment claim, proof of injury caused by the fraudulent concealment is required. See Wilson v. Style Crest Prod., Inc., 627 S.E.2d 733, 737 (S.C. 2006). Therefore, whether the Toothbrush proximately caused Turkewitz's physical injuries is an essential component of these four claims.

However, Turkewitz's SCUTPA claim and part of his fraudulent concealment claim are premised on how the Toothbrush is marketed and the alleged injuries arising from Philips's representations about the Toothbrush, as opposed to Turkewitz's physical injuries. In the fraudulent concealment claim, one of the damages Turkewitz claims is "the difference between the actual value of that which [Turkewitz] and the other consumers paid and the actual value of that which they received." Am. Compl. ¶ 59. This alleged damage is unrelated to any physical injury suffered by Turkewitz. In a similar vein, while SCUTPA does contain a causation requirement, Health Promotion Specialists, LLC v. S.C. Bd. of Dentistry, 743 S.E.2d 808, 816 (S.C. 2013), the damage alleged in Turkewitz's SCUTPA claim is that Turkewitz "has suffered an ascertainable

loss of money and property." Am. Compl. ¶ 69. Therefore, Turkewitz need not prove that the Toothbrush caused his physical injuries in his SCUTPA claim; instead, he will need to prove that Philips's alleged unfair trade practices caused him to suffer the loss of money and/or property. Whether the Toothbrush caused Turkewitz's physical injuries is irrelevant to these claims, and summary judgment is inappropriate at this time for Turkewitz's fraudulent concealment claim, to the extent that the alleged damages are <u>unrelated</u> to physical injuries, and Turkewitz's SCUTPA claim.

Turning to the question of whether there is a genuine issue of material fact as to proximate cause of Turkewitz's physical injuries, Philips contends that none of Turkewitz's treating dental professionals would opine that the Toothbrush caused Turkewitz's injuries, citing to their deposition testimony.[4] In response, Turkewitz references the affidavits of two of his experts, Dr. Alan R. Furness and James L. Hubbard. Both experts opine within a reasonable degree of medical/dental certainty that "[i]t is more likely than not that the cause of Mr. Turkewitz's injury was the hard plastic brush head of [Philips]'s [Toothbrush] coming into contact with tooth #14." ECF No. 92-6 at 2; ECF No. 92-7 at 3. These affidavits clearly create a genuine issue of material fact as to whether the Toothbrush proximately caused Turkewitz's physical injuries.[5]

---

[4] Philips also argues that expert testimony is required to establish proximate cause in this case. Turkewitz does not seem to dispute this point and relies on expert testimony to create a genuine issue of material fact; therefore, the court declines to delve into this issue.

[5] The court notes that Philips filed an affidavit on February 19, 2020 in which one of Philips's experts provides his opinions about the case and rebuts Mr. Hubbard's opinion. ECF No. 97. This affidavit is not properly before the court to consider at this time, as it is not attached to any summary judgment briefing nor was it filed within the time permitted for Philips's reply. However, even if the court did consider the substance of the affidavit, Turkewitz has still created a genuine issue of material fact as to

In sum, the court finds that Turkewitz's SCUTPA claim and part of his fraudulent concealment claim are unrelated to the proximate cause argument raised by Philips in this motion. In addition, Turkewitz has presented evidence to create a genuine issue of material fact as to whether the Toothbrush proximately caused Turkewitz's injuries. Therefore, summary judgment is not warranted at this time.

### IV. CONCLUSION

For the reasons set forth above, the court **DENIES** the motion for summary judgment.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**February 20, 2020**
**Charleston, South Carolina**

---

proximate cause with his experts' testimony. Whether that expert testimony is credible is not an appropriate inquiry for summary judgment.